513 A.2d 1120

Benjamin Coal Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Nicholas DeBenedictis, In his capacity as Secretary of the Department of Environmental Resources; and all others acting on their behalf, Respondents.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Stephen C. Braverman*, with him, *John M. Elliott* and *Charles E. Gutshall*, Of Counsel: *Baskin, Flaherty, Elliott & Mannino, P.C.*, for petitioner.

*Richard P. Mather*, Assistant Counsel, for respondents.

Opinion by Judge Craig, August 13, 1986:

During 1983 and 1984, the Benjamin Coal Company obtained numerous surety bonds from the Union Indemnity Insurance Company of New York, and filed them with the Department of Environmental Resources (DER), as required by section 4(d) of the Pennsylvania Surface Mining Conservation and Reclamation Act.[1]

---

[1] Act of May 31, 1945, P.L. 1198, *as amended*, 52 P.S. §1396.4(d). In part, section 4(d) provides:

Prior to commencing surface mining, the permittee shall file with the department a bond for the land affected by each operation on a form to be prescribed and furnished by the department, payable to the Commonwealth and conditioned that the permittee shall faithfully perform all of the requirements of this act. . . . Liability under such bond shall be for the duration of the surface mining at each operation, and for a period of five full years after the last year of augmented seeding and fertilizing. . . .

By letter dated September 18, 1985, DER notified Benjamin that the New York Supreme Court, on July 16, 1985, had directed the Superintendent of Insurance for the State of New York to take over and liquidate Union Indemnity. In that letter, DER ordered Benjamin to replace within ninety days the approximately $2,000,000 surety bond coverage which the latter had obtained from Union Indemnity. DER stated that, "[f]ailure to replace bond(s) will result in suspension or revocation of the permit(s) and such other compliance as deemed necessary."

DER issued that order under 25 Pa. Code §86.165(b), which provides:

> If a surety company who had provided surety bonds, . . . fails in business, enters into bankruptcy or liquidation, or has its license suspended or revoked, the Department will issue a notice of violation to the permittee requiring that all affected permits be rebonded according to the requirements of this subchapter and, if the permittee fails to correct the violation within 90 days of such notice, the Department will issue a cessation order for all of the permittee's permit areas and thereafter take such action as may be appropriate.

Benjamin has filed a petition for review of DER's September 18 order,[2] contending that, within our origi-

---

[2] Benjamin filed its petition for review on December 20, 1985. On that same date, it also filed an application for a preliminary injunction with the Commonwealth Court. On December 20, 1985, we granted Benjamin an *ex parte* preliminary injunction which enjoined DER from requiring Benjamin to replace any Union Indemnity security bonds, from interfering with or refusing to grant mining permits in the normal course of business, and from issuing any orders against Benjamin because of its failure to replace the bonds cancelled by the New York court's order.

Following a hearing on December 23, 1985, we extended the preliminary injunction. DER has appealed this court's issuance of the preliminary injunction to the Pennsylvania Supreme Court.

nal jurisdiction, §761 of the Judicial Code, 42 Pa. C. S. §761, we may permanently enjoin DER from enforcing 25 Pa. Code §86.165(b) against Benjamin.

DER requests that we sustain its preliminary objections to that petition questioning our jurisdiction.

DER first contends that, because it has not yet taken any action requiring Benjamin to replace the bonds, no justiciable case or controversy presently exists. However, the Supreme Court has stated that a challenge to industry regulations is justiciable in advance of enforcement where the effect of that regulation is "direct and immediate." *Arsenal Coal Co. v. Pennsylvania Department of Environmental Resources*, 505 Pa. 198, 209, 477 A.2d 1333, 1339 (1984).

In its petition for review, Benjamin has alleged that, if the court permits DER to enforce the challenged regulation, Benjamin's ability to continue in business will be directly and immediately affected; specifically, "[i]t will be forced to cease operations, default on its contractual obligations and lay off its employees. It will be unable to complete its reclamation obligations."

We must accept as true all well-pleaded facts and reasonable inferences which may be deduced therefrom in determining the legal sufficiency of preliminary objections. *Insurance Adjustment Bureau v. Insurance Commissioner for the Commonwealth of Pennsylvania*, 86 Pa. Commonwealth Ct. 491, 485 A.2d 858 (1984). Because Benjamin has alleged direct and immediate harm, it has presented a justiciable controversy to this court.

*Berger v. Pennsylvania Department of Environmental Resources*, 42 Pa. Commonwealth Ct. 206, 400 A.2d 905 (1979), cited by DER, is inapposite to the present case. There, the appellant landowners sought a predecision review of the procedure by which DER was evaluating an application for a permit to construct and oper-

ate a sanitary landfill. We sustained DER's preliminary objection that the petition for review was premature because DER's refusal to consider the factors suggested by the appellants did not constitute an appealable determination.[3] However, DER here has clearly announced its intention to enforce the regulation as to Benjamin if the company fails to provide replacement bonds within ninety days of DER's September 18 letter.

DER's second contention is that, before filing its petition for review, Benjamin failed to exhaust its administrative remedies. We agree.

In *Arsenal,* 505 Pa. at 208, 477 A.2d at 1338, the Supreme Court stated that, although the Commonwealth Court may, in its original jurisdiction, conduct a pre-enforcement review of the validity of an agency-promulgated regulation, nevertheless "a court of equity . . . must refrain from exercising its jurisdiction when there exists an adequate statutory remedy."

Under the facts of *Arsenal,* the court concluded that piecemeal application and enforcement of the challenged regulation to the plaintiffs, fifty-five coal mine operators and producers, would result in ongoing uncertainty in day-to-day business operations in clear contravention of legislative intent.

However, in the present case, we conclude that an adequate statutory remedy does exist. Under section 1921-A of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §510-21,

---

[3] Pa. R.A.P. 102 defines a "determination" as:
Action or inaction by a government unit which action or inaction is subject to judicial review by a court under Section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.
DER has not contended that its September 18 letter is not a determination.

Benjamin may appeal to the Environmental Hearing Board and simultaneously seek a supersedeas, which, if granted by the board, would preclude DER from enforcing the challenged regulation before Benjamin has had the opportunity of challenging its validity and application to Benjamin.

That section specifically provides:

(a) The Environmental Hearing Board shall have the power and its duties shall be to hold hearings and issue adjudications under the provisions of . . . the 'Administrative Agency Law,' on any order, permit, license or decision of the Department of Environmental Resources.

. . . .

(c) Anything in any law to the contrary notwithstanding, any action of the Department of Environmental Resources may be taken initially without regards to the Administrative Agency Law, but *no such action of the department adversely affecting any person shall be final as to such person until such person has had the opportunity to appeal such action to the Environmental Hearing Board;* provided, however, that any such action shall be final as to any person who has not perfected his appeal in the manner hereinafter specified.

(d) An appeal taken to the Evironmental Hearing Board from a decision of the Department of Environmental Resources shall not act as a supersedeas, but, *upon cause shown and where the circumstances require it, the department and/or the board shall have the power to grant a supersedeas.* (Emphasis added.)

71 P.S. §510.21.

Because we conclude that Benjamin has failed to exhaust its administrative remedies, we do not address

DER's third preliminary objection that Benjamin has failed to state a cause of action against DER in its petition for review.[4]

Benjamin's petition for review is dismissed. Accordingly, the outstanding order, dated December 20, 1985, which granted the preliminary injunction, as amended by order dated December 24, 1985, is dissolved.

ORDER

Now, August 13, 1986, the preliminary objection of the Department of Environmental Resources challenging the Commonwealth Court's original jurisdiction is sustained and the petition for review filed by Benjamin Coal Company is dismissed, and the outstanding order, dated December 20, 1985, which granted the preliminary injunction, as amended by order dated December 24, 1985, is dissolved.

---

[4] Benjamin contends that 25 Pa. Code §86.165 is arbitrary, capricious and exceeds statutory authority in that it is more stringent than is required by the Federal Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§1201-1328 (1982).