532 A.2d 928

Chambers Development Company, Inc. et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources: Arthur A. Davis in his capacity as Secretary of the Department of Environmental Resources and all others acting on their behalf, Respondents.

Heard July 31, 1987, before Senior Judge BUCHER. Reargued October 5, 1987, before Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*David G. Ries,* with him, *Ralph F. Scalera, Peter G. Veeder* and *Clifford B. Levine, Thorp, Reed & Armstrong,* for petitioners.

*John C. Dernbach,* Assistant Counsel, with him, *Kenneth Bowman,* for respondent.

OPINION BY JUDGE DOYLE, October 26, 1987:

Before us for disposition are the preliminary objections of the Department of Environmental Resources (DER) filed in response to a Petition for· Review filed with this Court in our original jurisdiction seeking declaratory and injunctive relief. Also before us are the preliminary objections filed by the Petitioner, Chambers Development Company, Inc. (Chambers), operator of a solid waste disposal facility, to the preliminary objections of DER.

This case began when Chambers filed its petition seeking to enjoin DER from "implementing an illegal regulatory program which would restrict throughout the Commonwealth the daily volume of solid, non-hazardous waste properly permitted landfills can accept." It was further averred that the program imposes daily volume limits on the amount of solid waste a landfill can accept, even if the volume does not cause the landfill to exceed the total volume of waste the landfill is authorized to accept under its permit.

At issue then is DER's attempt to impose daily volume limits on landfills. Chambers asserts that its permits do not contain daily limit restrictions and that information supplied to DER in the permit applications

on daily limits (which are incorporated into the permits) was previously utilized by DER only for purposes of establishing bonding amounts. DER now, however, has suggested, via letters, the contents of which are detailed in a memorandum opinion of this Court written in support of a preliminary injunction entered by Judge BUCHER,[1] that it intends to establish daily limits. Chambers asserts that the attempt to do so is invalid because it constitutes impermissible rulemaking, is violative of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, *as amended*, 35 P.S. §§6018.101-6018.1003, and violates numerous constitutional provisions. Prior to receiving notice of DER's intention to establish or enforce this daily volume limit program, Chambers had entered into several contracts to receive waste generated in four New Jersey counties situated in the northern part of that state. Compliance with those contracts will result in an increase of the daily volume of waste Chambers receives.

DER has insisted that Chambers apply for and receive modification of its permits before it accepts this waste. Chambers filed an appeal with the Environmental Hearing Board (EHB) seeking, in essence, a determination that the daily volume restrictions are inapplicable to it and a determination that it need not revise its permits to reflect such restrictions. That action is presently pending. Further, under protest, it filed requests for permit modifications. It has also filed the instant petition to this Court. We must now review the

---

[1] *See Chambers Development Co., Inc. v. Department of Environmental Resources,* (No. 1757 C.D. 1987 filed August 25, 1987). The order in that case granting the preliminary injunction was filed on July 31, 1987 and is currently on appeal to the Pennsylvania Supreme Court. This Court also vacated the automatic supersedeas so that the daily volume program is not currently being implemented.

preliminary objections to that petition and the preliminary objections to the preliminary objections. In reviewing preliminary objections we consider as true only well-pleaded facts which are material and relevant. *Ohio Casualty Group of Insurance Cos. v. Argonaut Insurance Co.*, 92 Pa. Commonwealth Ct. 560, 500 A.2d 191 (1985). Preliminary objections shall be sustained only when they are clear and free from doubt. *Id.*

DER has preliminarily objected to the petition for review, asserting (1) that Chambers has failed to exhaust statutory remedies; (2) that the case is not yet ripe because DER has taken no enforcement action; and (3) that the petition fails to state a cause of action. Chambers has preliminarily objected to DER's preliminary objections on grounds of timeliness and on grounds of DER's reliance in its preliminary objections on facts allegedly not of record. The preliminary objection relating to timeliness was withdrawn at oral argument. Therefore, initially we need only consider the question of whether DER's preliminary objections rely upon facts not properly of record. Chambers contends specifically that DER's position that daily volume limits are a condition of Chambers' permits is not based upon the record. We disagree. This is the substantive issue in question and we do not view DER's preliminary objections that dispute Chambers' position as relying upon information not contained in the petition. Therefore, we dismiss this preliminary objection.

DER's first preliminary objection rests upon the premise that Chambers has an adequate statutory remedy and hence that this Court lacks jurisdiction. It is well-settled that when an adequate statutory remedy exists, this Court lacks jurisdiction to entertain a suit in either law or equity. *Interstate Traveller Services, Inc. v. Department of Environmental Resources*, 38 Pa. Commonwealth Ct. 9, 391 A.2d 1112 (1978), *aff'd by an*

*evenly divided court,* 486 Pa. 536, 406 A.2d 1020 (1979). Chambers has already appealed to the EHB requesting exemption from the daily volume program. It has also, as previously noted, under protest and without waiving its rights, filed with DER requests for permit modifications. Further, pursuant to 25 Pa. Code §21.76, Chambers can petition the EHB for a supersedeas, and a hearing on that supersedeas petition should be held within two weeks.[2] We are mindful that DER has attempted to argue before the EHB that Chambers' appeal to it is inappropriate since there allegedly has been no "action" taken by DER. First, that allegation alone would not preclude the EHB from entering a stay. Second, Chambers can eventually acquire an appealable decision if its requests to DER for permit modifications are denied. The simple fact is that if it obtains the modifications, it will no longer suffer a threat of harm. If the modifications are denied by DER, appeal to the EHB is proper, and if the EHB affirms the denial and that determination is based upon implementation of the daily volume limit program, the constitutional questions attendant to that plan can then be reviewed by this Court. Accordingly, we must conclude that an adequate statutory remedy exists.

Chambers relies upon *Arsenal Coal Co. v. Department of Environmental Resources,* 505 Pa. 198, 477 A.2d 1333 (1984) wherein our state Supreme Court de-

---

[2] As noted, there is a preliminary injunction currently in effect. *See supra* n.1. Because of our disposition of this matter, however, that preliminary injunction will be dissolved as a matter of law. *Benjamin Coal Co. v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 1, 513 A.2d 1120 (1986). Chambers, therefore, may wish to petition the EHB for a stay. Should the stay be denied, Chambers may seek from this Court permission to appeal an interlocutory order. *See* Pa. R.A.P. 312, 1311.

termined that an appeal to the EHB did not provide an adequate remedy for a pre-enforcement challenge by fifty-five coal operators to a regulatory scheme affecting the entire anthracite coal industry. We find *Arsenal* to be distinguishable. We do acknowledge that the effect of the purported regulation upon Chambers, if it is enforced against it, will be both "direct" and "immediate," but we are not convinced that the facts in this case will result in piece-meal litigation or an ongoing uncertainty in Chambers' daily business. *See Benjamin Coal Co. v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 1, 513 A.2d 1120 (1986). Most importantly, however, we believe that until Chambers' permit modification requests are actually denied, there is no need to consider whether the alleged regulations will in fact adversely affect it. Phrased differently, although it is clear that the EHB lacks jurisdiction to conduct pre-enforcement review of DER regulations, *Arsenal; Neshaminy Water Resources Authority v. Department of Environmental Resources,* 511 Pa. 334, 513 A.2d 979 (1986), if the relief Chambers seeks can be attained via a statutory route (here, by permit modification), then the *Arsenal* case is inapplicable and its equitable remedy unnecessary. *Arsenal* clearly stated:

> [T]he propriety of invoking the original equitable jurisdiction of the Commonwealth Court in a case seeking preenforcement review of a substantial challenge to the validity of regulations promulgated by an administrative agency is clear. *A court of equity, however, must refrain from exercising its jurisdiction when there exists an adequate statutory remedy.*

*Id.* at 208, 477 A.2d at 1338 (emphasis added). In *Arsenal,* the appellants' claim was based on an act of the General Assembly[3] that specifically limited the

---

[3] Act of October 10, 1980, P.L. 835, amending the Surface Mining Conservation and Reclamation Act, Act of May 31, 1945, P.L. 1198.

rulemaking power of the Environmental Quality Board (EQB) over the regulation of anthracite mining, an area specifically exempted from federal regulation by the Congress of the United States under federal law.[4] There the Supreme Court held that the "proposed avenue of [administrative] review is beset with penalties and impediments to the operation of the anthracite *industry* rendering it inadequate as a satisfactory alternative to the equitable action initiated under the original jurisdiction of the Commonwealth Court." *Id.* at 210, 477 A.2d at 1340 (emphasis added). In the present case, however, Chambers never challenged the authority of the DER to issue the original permits, but instead, now challenges the DER's authority to *further* regulate the *volume* of waste it can accept. Furthermore, the focus of the issue here is limited to the impact of the program (if, indeed, it is a *new* program as Chambers argues; certainly no new *regulations* were adopted by DER) on Chambers only and we can perceive no industry-wide implications here nor have any been advanced by Chambers.

Accordingly, having concluded that an adequate statutory remedy exists, we shall sustain DER's preliminary objection pertaining to the failure to exhaust the available statutory remedy and dismiss the petition for review.[5]

## ORDER

Now, October 26, 1987, the preliminary objection of DER challenging the failure to exhaust statutory remedies is sustained and the Petition for Review is dismissed. Further, it is ordered that the outstanding or-

---

[4] The Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. §§1201-1328.

[5] Because of our disposition of this matter we need not rule on the other preliminary objections.

der of July 31, 1987, which entered the preliminary injunction, is dissolved. *See Benjamin Coal Co. v. Department of Environmental Resources,* 100 Pa. Commonwealth Ct. 1, 513 A.2d 1120 (1986).

Judge BARRY did not take part in the disposition of this case.