**Ashley FUNK, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 16, 2013.

Decided July 3, 2013.

---

Kenneth Kristl, Wilmington, DE, for petitioner.

Robert A. Reiley, Harrisburg, for respondent.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

This matter is an action filed by Ashley Funk (Funk) in this Court's original jurisdiction seeking to require the Department of Environmental Protection (DEP) to submit her petition for rulemaking with respect to fossil fuel carbon dioxide emissions to the Environmental Quality Board (EQB). Before the Court are DEP's preliminary objections asserting that Funk's Petition for Review is barred by the doctrine of exhaustion of administrative remedies. For the reasons set forth below, we sustain DEP's preliminary objections.

The EQB is the administrative agency responsible for formulating and promulgating Pennsylvania's environmental regulations. Act of December 3, 1970, P.L. 834, No. 275, § 20, *as amended,* 71 P.S. § 510–20;[1] *Tire Jockey Service, Inc. v. Department of Environmental Protection,* 591 Pa. 73, 106, 915 A.2d 1165, 1185 (2007). Private citizens may request that the EQB issue regulations by filing a petition for rulemaking with DEP. Section 20(h) of the Act of December 3, 1970, 71 P.S. § 510–20(h); 25 Pa.Code §§ 23.1–23.8. Such petitions must contain all of the following:

(1) The petitioner's name, address and telephone number.

(2) A description of the action requested in the petition and one of the following:

(i) Suggested regulatory language if the petition requests that the EQB adopt or amend regulations.

(ii) A specific citation to the regulations to be repealed if the petition requests that the EQB repeal existing regulations.

(3) The reason the petitioner is requesting this action from the EQB, including factual and legal contentions as well as supporting documentation which establish the petitioner's justification for the requested action by the EQB.

(4) The types of persons, businesses and organizations likely to be impacted by this proposal.

25 Pa.Code § 23.1(a). DEP examines the petition for rulemaking before it is submitted to the EQB to determine whether it satisfies three requirements: 1) that it contains the information required by 25 Pa.Code § 23.1(a); 2) that it requests an action that can be taken by the EQB; and 3) that the requested action does not conflict with federal law. 25 Pa.Code § 23.2. If the petition for rulemaking fails to satisfy any of these requirements, DEP is to notify the petitioner that the petition is not appropriate for submission to the EQB, stating the reasons for that determination. 25 Pa.Code § 23.3.

On October 2, 2012, Funk filed a petition for rulemaking with DEP requesting that the EQB promulgate regulations requiring reduction of fossil fuel carbon dioxide emissions by 6% per year to achieve an atmospheric concentration of 350 parts per million or less of carbon dioxide by 2100. (Petition for Review ¶¶ 11, 18; Petition for Rulemaking at 1, 3–4 & App.1.) Funk's petition for rulemaking also requested that this regulation require annual progress reports on statewide greenhouse gas emissions, including an inventory and

---

**1.** This Act added Section 1920–A to the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§ 51–732.

accounting of those emissions. (Petition for Review ¶ 18; Petition for Rulemaking at 3–4 & App.1.)

On November 20, 2012, DEP mailed Funk a letter, dated November 16, 2012, notifying her that it examined her petition for rulemaking and determined that it failed to meet the requirements for submission to the EQB. (Petition for Review ¶ 22; November 16, 2012 DEP Letter.) DEP stated three grounds for this determination. First, DEP asserted that the petition requests an action that cannot be taken by the EQB because Section 4.2(c) of the Air Pollution Control Act[2] prohibits the EQB from adopting any "ambient air quality standard for a specific pollutant that is more stringent than an air quality standard adopted by U.S. Environmental Protection Agency (EPA)," and EPA has not established an ambient air quality standard for carbon dioxide. (Petition for Review ¶¶ 22, 23; November 16, 2012 DEP Letter at 2.) Second, DEP asserted that the petition requests an action that cannot be taken by the EQB because its greenhouse gas emission inventory and reporting provisions are contrary to the inventory and reporting requirements of the Pennsylvania Climate Change Act.[3] (Petition for Review ¶¶ 22, 24; November 16, 2012 DEP Letter at 2–3.) Third, DEP concluded that the petition did not comply with the requirement of 25 Pa.Code § 23.1(a)(4) that it identify the "types of persons, businesses and organizations likely to be impacted." (Petition for Review ¶¶ 22, 25; November 16, 2012 DEP Letter at 3.)

On December 20, 2012, Funk filed the instant Petition for Review, seeking injunctive and declaratory relief to require DEP to submit her October 2, 2012 petition for rulemaking to the EQB. In the Petition for Review, Funk asserts that DEP erred in holding that the EQB lacks statutory authority to promulgate the regulations sought in the petition for rulemaking. (Petition for Review at 2 & ¶ 27(B)-(E).) Funk also asserts that, to the extent that the EQB is prohibited from promulgating the requested regulations by the Air Pollution Control Act or the Pennsylvania Climate Change Act, those statutes are unconstitutional under Article I, Section 27 of the Pennsylvania Constitution, which provides that "[t]he people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment" and that "[a]s trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people." (Petition for Review at 2 & ¶ 27(A), (F)-(H).) The Petition for Review seeks reversal of DEP's third ground for rejection, failure to identify the types of persons affected, as arbitrary and capricious. (Petition for Review ¶ 28.) The Petition for Review requests "that this Court: 1) reverse DEP's November 20, 2012 decision, [and] 2) Order DEP to send the Petition [for Rulemaking] to the EQB for consideration." (Petition for Review at 11.)

Funk has also filed an appeal with the Environmental Hearing Board (EHB) challenging DEP's refusal to submit her October 2, 2012 petition for rulemaking to the EQB. (Petition for Review ¶ 4; Petitioner's Brief in Opposition to Preliminary Objections at 11.) That appeal is pending before the EHB, and the parties have not advised this Court that any decision has been issued by the EHB in that appeal.

---

**2.** Act of January 8, 1960, P.L. (1959) 2119, No. 787, added by the Act of July 9, 1992, P.L. 460, *as amended*, 35 P.S. § 4004.2(c).

**3.** Act of July 9, 2008, P.L. 935, *as amended*, 71 P.S. §§ 1361.1–1361.8.

On January 18, 2013, DEP filed the instant Preliminary Objections to Funk's Petition for Review. The only issue raised by DEP's Preliminary Objections is whether Funk's Petition for Review is barred by failure to exhaust administrative remedies.[4] The merits of DEP's determination, whether the EQB is statutorily barred from promulgating the requested regulations, whether such a statutory bar is unconstitutional and whether Funk's petition for rulemaking complied with 25 Pa.Code § 23.1(a)(4), are not before the Court on DEP's Preliminary Objections.

The doctrine of exhaustion of administrative remedies requires that a person challenging an administrative decision must first exhaust all adequate and available administrative remedies before seeking relief from the courts. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 546 Pa. 315, 329, 684 A.2d 1047, 1053 (1996); *Heffner Funeral Chapel & Crematory, Inc. v. Department of State, Bureau of Professional and Occupational Affairs*, 824 A.2d 397, 400 (Pa.Cmwlth.2003), *aff'd without op.,* 578 Pa. 41, 849 A.2d 1135 (2004). The purposes of this exhaustion requirement are to prevent premature judicial intervention in the administrative process and ensure that claims will be addressed by the body with expertise in the area. *Lehman v. Pennsylvania State Police*, 576 Pa. 365, 380, 839 A.2d 265, 275 (2003); *Empire Sanitary Landfill*, 546 Pa. at 329, 684 A.2d at 1053. Thus, where the legislature has provided an administrative pro-

cedure to challenge and obtain relief from an agency's action, failure to exhaust that remedy bars this Court from hearing claims for declaratory or injunctive relief with respect to that agency action. *Heffner Funeral Chapel & Crematory*, 824 A.2d at 402; *Faldowski v. Eighty Four Mining Co.*, 725 A.2d 843, 846 (Pa. Cmwlth.1998); *Chambers Development Co. v. Department of Environmental Resources*, 110 Pa.Cmwlth. 432, 532 A.2d 928, 930–31 (1987).

The legislature has provided an administrative remedy for challenging decisions of DEP: appeal to the EHB. Section 4 of the Environmental Hearing Board Act, Act of July 13, 1988, P.L. 530, § 4, *as amended,* 35 P.S. § 7514; *Tire Jockey Service*, 591 Pa. at 107, 915 A.2d at 1185; *Empire Sanitary Landfill*, 546 Pa. at 329, 684 A.2d at 1053. Funk does not dispute that she can challenge DEP's refusal to submit her petition for rulemaking to the EQB by appeal to the EHB and that the EHB can grant the relief she seeks, reversal of DEP's decision. Indeed, Funk has filed an appeal with the EHB. (Petition for Review ¶ 4; Petitioner's Brief in Opposition to Preliminary Objections at 11.)

Funk's sole justification for not exhausting her remedies before the EHB prior to seeking relief in this Court is that she has asserted constitutional challenges to DEP's decision. (Petitioner's Brief in Opposition to Preliminary Objections at 6–11.) Funk is correct that there is an exception to the doctrine of exhaustion of administrative remedies "where the consti-

---

**4.** In ruling on preliminary objections such as these, this Court must accept as true all well-pleaded allegations of material facts in the Petition for Review, as well as all of the inferences reasonably deducible from those facts. *McCord v. Pennsylvania Gaming Control Board*, 9 A.3d 1216, 1218 n. 3 (Pa. Cmwlth.2010) (*en banc*); *Faldowski v. Eighty Four Mining Co.*, 725 A.2d 843, 844 n. 5

(Pa.Cmwlth.1998). The Court, however, is not required to accept as true conclusions of law, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *McCord*, 9 A.3d at 1218 n. 3; *Erie County League of Women Voters v. Department of Environmental Resources*, 106 Pa.Cmwlth. 369, 525 A.2d 1290, 1291 (1987).

tutionality of a statutory scheme or its validity is challenged." *Lehman,* 576 Pa. at 380, 839 A.2d at 275; *Empire Sanitary Landfill,* 546 Pa. at 331, 684 A.2d at 1054. This exception, however, applies only to facial challenges to the constitutionality of the statute as a whole; arguments that a statute is unconstitutional as applied to a particular case are not exempt from the requirement that the party exhaust adequate administrative remedies. *Lehman,* 576 Pa. at 380–81, 839 A.2d at 275. "To qualify for the exception to the exhaustion doctrine, 'the attack must be made to the constitutionality of the statute or regulation as a whole, and not merely to the application of the statute or regulation in a particular case.' " *Id.* at 380, 839 A.2d at 275 (quoting *Giffin v. Chronister,* 151 Pa. Cmwlth. 286, 616 A.2d 1070 (1992)).

■ As our Supreme Court explained in *Lehman,* "[i]n a facial challenge, a party is not required to exhaust administrative remedies because 'the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled.' " 576 Pa. at 381, 839 A.2d at 275 (quoting *Borough of Green Tree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974)). In contrast, substantial policy reasons require exhaustion of administrative remedies where the constitutional claims challenge only the application of the statute.

It is both sensible and efficient to permit administrative agencies to address constitutional challenges to a statute's application. First, the agency is given an opportunity to interpret the statute it is charged with administering to avoid an unconstitutional application. Second, agencies currently decide challenges to the constitutionality of regulations; administrative competency is not an issue. Third, agencies are better situated than the courts to develop agency-specific issues, and to find facts. Fourth, refusing to consider constitutional challenges to a statute's application allows litigants to circumvent the exhaustion of administrative remedies doctrine before seeking judicial review.

*Lehman,* 576 Pa. at 382, 839 A.2d at 276.

■ The constitutional issues here are not facial challenges to the validity of any statute as a whole. Funk does not assert that the Air Pollution Control Act and Pennsylvania Climate Change Act are necessarily unconstitutional. Rather, her Petition for Review challenges as unconstitutional only DEP's application of those statutes to bar her petition for rulemaking. Funk disputes that DEP's interpretation of the Air Pollution Control Act and Pennsylvania Climate Change Act is correct, but alleges that "[t]o the extent" that those statutes are held to bar her proposed regulations, they are unconstitutional under Article I, Section 27 of the Pennsylvania Constitution. (Petition for Review at 2 & ¶ 27(G)-(H); *see also* Petitioner's Brief in Opposition to Preliminary Objections at 8–10.) Thus, no challenge to the constitutionality of any statute will even need to be resolved unless the EHB upholds DEP's interpretation of the statutes. Because Funk's constitutional arguments are challenges to DEP's application of the statutes to her case, not facial challenges to the statutes as a whole, they are not exempt from the requirement that she exhaust her remedy of raising these issues in her EHB appeal before seeking judicial review. *Lehman,* 576 Pa. at 380–82, 839 A.2d at 275–76.

Moreover, Funk does not assert constitutional challenges to all of the grounds on which DEP based its decision. Funk does not contend that there is any constitutional issue in DEP's determination that her petition for ruling making could not be submitted to the EQB because it failed to

sufficiently identify the types of persons, businesses and organizations impacted, as required by 25 Pa.Code § 23.1(a)(4). Her only challenge to that portion of DEP's decision is the contention that her identification of affected parties was adequate and that DEP's refusal to submit her petition for rulemaking on this basis "is arbitrary and capricious." (Petition for Review ¶ 28.) Funk does not contend that the EHB lacks authority to resolve this issue.

Because Funk has not exhausted her administrative remedy of appeal to the EHB, her Petition for Review must be dismissed. *Faldowski,* 725 A.2d at 846; *Chambers Development Co.,* 532 A.2d at 930–31. This dismissal, however, does not prevent Funk from pursuing her constitutional arguments before the EHB and in this Court on petition for review of the EHB's decision, even if the EHB were to rule that it cannot address her constitutional challenges. 2 Pa.C.S. § 703(a) ("A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party may not raise upon appeal any other question not raised before the agency (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown"); *Chambers Development Co.,* 532 A.2d at 930.

For the foregoing reasons, we sustain DEP's Preliminary Objections and dismiss Funk's Petition for Review.

### ORDER

AND NOW, this 3rd day of July, 2013, upon consideration of Respondent's Preliminary Objections, the briefs of the parties with respect thereto, and oral argument held on May 16, 2013, it is hereby ORDERED that said Preliminary Objections are SUSTAINED. The Petition for Review is DISMISSED without prejudice to Petitioner's right to raise the issues asserted therein, including constitutional challenges, in Petitioner's pending appeal before the Environmental Hearing Board and on petition for review of any decision of the Environmental Hearing Board in that appeal.