# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Lou Doherty,　　　　　　　　　　:
　　　　　Appellant　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　:　No.　836 C.D. 2016
　　　　　　　　　　　　　　　　　　　:　SUBMITTED:　November 10, 2016
Radnor Township　　　　　　　　　　:


BEFORE:　　HONORABLE P. KEVIN BROBSON, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE LEADBETTER　　　　　　　　　　　　FILED:　March 30, 2017


　　　　　Mary Lou Doherty, an attorney, appeals *pro se* from an order of the Court of Common Pleas of Delaware County (common pleas) that dismissed her local agency appeal to Radnor Township's Rental Housing Board of Appeals for failure to exhaust administrative remedies.[1]　The court's dismissal followed this Court's February 2016 remand for resolution of a factual dispute as to whether Doherty paid the $3500 filing fee on July 16, 2015, when she appeared at the

---

[1] It is well established that, "[t]he doctrine of exhaustion of administrative remedies requires that the person challenging an administrative decision must first exhaust all adequate and available administrative remedies before seeking relief from the courts." *Funk v. Commonwealth*, 71 A.3d 1097, 1101 (Pa. Cmwlth. 2013).　Further, "[t]he purposes of this exhaustion requirement are to prevent premature judicial intervention in the administrative process and ensure that claims will be addressed by the body with expertise in the area." *Id*.

Township's offices prepared to submit her appeal and, purportedly, a check for $3500. After conducting a hearing and rendering credibility determinations, common pleas concluded that Doherty did not make the $3500 payment to the Township on July 16 and, therefore, dismissed her appeal. We affirm.

The facts as found by the court are as follows. The rental properties at issue are located at 949, 951, and 961 Glenbrook Avenue in Bryn Mawr, Pennsylvania, and Doherty is one of three joint owners with a right of survivorship. When she applied to renew the rental housing licenses for the properties in June 2015, the township code official refused to renew them, citing Doherty's refusal to permit the properties to be inspected, code violations, and numerous health, safety, and welfare violations. Accordingly, in the July 2015 notification of non-renewal status of rental licenses, the code official advised Doherty that she had fifteen calendar days from July 2 in which to file an appeal with the township secretary.

On July 16, 2015, Doherty went to the township building with her appeal paperwork and, purportedly, a check for $3500. At that time, however, the Township advised her that her appeal was incomplete because she failed to include a $3500 fee for each property and that she owed $10,500 in appeal fees. After Doherty refused to submit $10,500, she ultimately left her appeal paperwork on the counter. On July 21, the Township sent Doherty a letter advising her that, after further consideration, she could file a single appeal for all three properties, that the filing fee was $3500 for a single appeal, and that, should she wish to continue with her appeal, the filing date had been extended to August 4, 2015. On August 18, however, the Township via its solicitor returned to Doherty all of the appeal documents that she left with the Township in July, stating as follows:

> I am returning to you your Appeal dated July 16, 2015 as incomplete. As you know or should have known, there is

a filing fee for a rental housing appeal pursuant to the Township's consolidated fee schedule. No fee was ever filed with the application which was left in the Township Building on or about July 16, 2015. Despite the lack of a fee, Mr. Kochanski [director of community development] sent you a letter dated July 21, 2015 clarifying that the Township would accept a single Appeal for all three of your rental properties . . . . Mr. Kochanski also extended the appeal period until August 4, 2015. Despite this extension of time you have still failed to file the required fee and accordingly your appeal is being returned to you. Please advise any tenants to whom you have rented any of the three properties that there is no current rental housing license issued for any of the three properties. Please also advise any tenants of the existing property code, health, safety and welfare ordinance violations which are existing at the three properties.

Common Pleas' June 17, 2016, Opinion at 2.

In response, Doherty filed a petition for review with common pleas seeking review of the solicitor's August 18 letter and requesting that it enter an order precluding the Township from prosecuting the property owners for any alleged violations of its ordinances. Subsequently, the court entered an October 2015 order sustaining the Township's preliminary objections and dismissing Doherty's petition for review. In February 2016, this Court in a single-judge memorandum opinion and order vacated common pleas' order and remanded for resolution of the factual dispute regarding whether Doherty made a payment of the filing fee on July 16.

As common pleas observed, although Doherty raises numerous issues on appeal, they address only the legality of the Township's actions against her and have no relevance to the issue of payment of the filing fee.[2] As it further noted,

_____

[2] As stated in her statement of errors complained of on appeal, Doherty's issues on appeal were as follows:

**(Footnote continued on next page…)**

3

this Court in remanding the matter on the limited factual issue stated as follows: "[I]f the Township's claim were credited that payment of the filing fee was not made, Common Pleas properly dismissed Doherty's local agency appeal for failure to exhaust administrative remedies." Common Pleas' June 17, 2016, Opinion at 11-12 (quoting Commonwealth Court's February 26, 2016, Memorandum Opinion

_____

**(continued…)**

> 1. The Court erred in not deciding that as a matter of law John Rice, individually or as [Township Solicitor] was not authorized to correct what he viewed to be a mistaken exercise of discretion by [Township Secretary] Robert Zienkowski, when [the Secretary] deliberately declined to continue an enforcement action initiated by his subordinate, [Mr. Kochanski] against the Petitioner.
>
> 2. The Court erred in deciding that as a matter of law as a creature of the legislature in carrying out his official functions, [Mr. Kochanski] had a solemn duty to perform his official functions in compliance with the dictates of the Ordinances as written by [the] Board of Commissioners and the Orders of the Delaware County Court of Common Pleas as entered in Docket No. 08-0888 and Docket No. 2014-08484 [current Docket No. 2015-7404], and not as he wished them to have been written based upon his personal opinion.
>
> 3. The Court in not deciding that as a matter of law as a creature of the legislature [Mr. Kochanski], in carrying out his official functions under [the] Township's Ordinances, was not authorized to contribute provisions not found in Ordinances approved by [the] Board of Commissioners] or to undo provisions of Orders of Court [at the aforementioned docket numbers].
>
> 4. The Court erred in not deciding that [Mr. Zienkowski] had the final word to continue an enforcement action against the Petitioner or not to continue it, and that by deliberately declining to continue it, he rendered any enforcement action initiated by his subordinate [Mr. Kochanski] withdrawn and ended.

Common Pleas' June 17, 2016, Opinion at 10-11 (quoting Doherty's June 13, 2016, Statement of Errors Complained of on Appeal at 1-2; Reproduced Record (R.R.) at 245-46a).

4

at 5; Reproduced Record at 214a). Accordingly, we turn to common pleas' resolution of that dispositive factual issue.

Following a March 2016 hearing at which Doherty and two witnesses for the Township testified, common pleas concluded that Doherty did not pay the filing fee and, therefore, dismissed her appeal. On this point, the court rejected the testimony of Doherty that she gave the Township a check for $3500 on July 16 and credited the testimony of Kevin Kochanski, the director of community development, and Ms. Jennifer DeStefano, the township manager's executive assistant. Mr. Kochanski testified that Doherty never handed him or anyone else at the township building a check for $3500 on July 16. Similarly, Ms. DeStefano testified that she did not see any check from Doherty or take any appeal paperwork from her that day. Further, Mr. Kochanski testified that the Township never received a check for $3500 from Doherty on or before August 4, 2015.

Moreover, in determining that Doherty's testimony was not credible, common pleas noted her admissions regarding the time period after she received the July 21 letter advising her that, should she wish to continue with her appeal, she could file a single appeal for $3500 by August 4 that would include all three properties. Specifically, Doherty admitted that she never confirmed with the Township that it already had her check or that it had deposited it. March 22, 2016, Hearing, Notes of Testimony at 20-21. In that regard, she admitted that she did not routinely check her bank statements and that she did not ascertain until a month or two later that the $3500 check was never cashed. *Id.* at 22. She also admitted that the solicitor in the August 18 letter rejecting her appeal as incomplete returned only the appeal paperwork to her and not the check. *Id.* at 21.

Accordingly, pursuant to common pleas' credibility determinations in favor of the Township, we affirm the court's dismissal of Doherty's local agency appeal for failure to exhaust administrative remedies.[3]   *Postgate v. Dep't of Transp., Bureau of Driver Licensing*, 781 A.2d 276, 279-80 (Pa. Cmwlth. 2001) (holding that, credibility determinations are within the purview of the trier of fact and will not be disturbed on appeal).

---

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[3] We briefly address the Township's request for attorney's fees and legal costs pursuant to Section 2503(9) of the Judicial Code, 42 Pa. C.S. § 2503(9), which permits reasonable counsel fees when "the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." Although we acknowledge the Township's frustration, we decline its request. This matter, to a large extent, hinged on a credibility determination. In addition, matters were not so clear-cut in that the Township retreated from its original imposition of a $10,500 appeal fee and extended the original appeal deadline.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mary Lou Doherty,                          :
                Appellant              :
                              :

        v.                         :     No.  836 C.D. 2016
                              :

Radnor Township                            :


# **O R D E R**


AND NOW, this 30th day of March 2017, the order of the Court of Common Pleas of Delaware County is hereby AFFIRMED.


                                 _____

                                 **BONNIE BRIGANCE LEADBETTER,**
                                 Senior Judge