IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Madsen,                  :
             Petitioner         :
                          :
         v.                   :    No. 114 M.D. 2024
                          :
Northampton County Court of    :    Submitted: February 3, 2026
Common Pleas, Palmer Township   :
Police Department, Northampton    :
County Emergency Management     :
Services,                           :
             Respondents     :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _**OPINION NOT REPORTED**_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: March 19, 2026

Before this Court in our original jurisdiction are the preliminary objections filed by the Palmer Township Police Department (Police Department) and Northampton County Emergency Management Services (collectively, Respondents) to a petition seeking mandamus relief (Petition)[1] filed by Daniel Madsen (Petitioner), *pro se*.[2] Respondents contend, *inter alia*, that Petitioner has failed to exhaust his

---

[1] Respondent Northampton County Court of Common Pleas (trial court) has not participated in this action, possibly because it was not served with the Petition, which is unclear from the record.

[2] Petitioner originally filed his Petition in the Superior Court, which transferred the case to this Court pursuant to Section 761(a)(1) of the Judicial Code on March 1, 2024. *See* 42 Pa.C.S. § 761(a)(1) (governing this Court's original jurisdiction).

administrative remedies prior to initiating this action, thereby depriving this Court of jurisdiction.[3] Upon review, we sustain Respondents' preliminary objection challenging Petitioner's failure to exhaust his administrative remedies under the Right–to–Know Law (RTKL),[4] and dismiss the Petition with prejudice.[5]

**Background**

This case arises from the Petitioner's requests for documents related to his prior simple assault and protection from abuse (PFA) proceedings to assist him in filing a petition pursuant to the Post Conviction Relief Act.[6] On October 30, 2023, Petitioner requested records directly from the trial court asking for the transcript of his PFA trial. (Petition, 11/08/23, at 2.) On October 31, 2023, Petitioner directed a RTKL request to the Northampton County Judicial District Open Records Officer for the audio and video recordings of his PFA trial. He also submitted requests directly to the PFA office and the Northampton County Clerk of Courts. *Id.* On this same date, Petitioner made a RTKL request to the Office of Open Public Records for the Palmer Township Police Department for the police report of the incident, the body camera footage of the responding officer(s), the video footage of himself inside the patrol car, and the footage of himself inside of the Palmer Township Police Department. *Id.* On November 8, 2023, Petitioner requested from the director of the Northampton County Emergency

---

[3] "Preliminary objections may be filed by any party to any pleading and are limited to the following grounds: . . . failure to exercise or exhaust a statutory remedy." Pa.R.Civ.P. 1028(a)(7).

[4] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

[5] Because Petitioner failed to file a brief in response to the Respondents' preliminary objections, in contravention of our order that he do so, we will decide this appeal based on his Petition and Respondents' briefs. (*See* Commonwealth Ct. Order, 9/05/25.) The record in this case is sparse, and we have gleaned the relevant factual and procedural history from the parties' submissions.

[6] 42 Pa.C.S. §§ 9541-9546.

2

Management Services, Mr. Todd K. Weaver, and also from the appropriate right to know officer as listed on the Office of Open Records (OOR) website, the audio of the 911 call placed during this incident. *Id.* at 2-3. Respondents did not respond to Petitioner's requests within five days,[7] or at any time thereafter.

Petitioner then filed this mandamus action, asserting that "the trial court has not responded to my request for the transcript and has failed to fulfill my right to know requests." *Id.* at 3. He also alleges that "the Palmer Township Police Department has likewise failed to fulfill my right to know request." *Id.* He asks this Court to compel Respondents to provide him with the records he requested.

Respondents each filed preliminary objections asserting, *inter alia*, Petitioner failed to exhaust his statutory remedies under the RTKL. *See* Pa.R.Civ.P. 1028(a)(7). Specifically, they argue that Petitioner failed to avail himself of the remedies available to him under Section 1101(a)(1) of the RTKL when an agency fails to respond to a request within five days, 65 P.S. § 67.1101(a)(1), and that as a result, the OOR did not have the opportunity to issue a ruling compelling disclosure of the materials he sought.[8] We will address this preliminary objection first as it is dispositive of this case.

---

[7] Section 901 of the RTKL affords an agency five business days to respond to a written request, and if the agency does not respond within this timeframe, the request for access is deemed denied. 65 P.S. § 67.901. In order to challenge a deemed denial, the requester must file an appeal with the OOR or other appeals officer designated by the RTKL within 15 business days. 65 P.S. § 67.1101(a)(1).

[8] Respondents also filed preliminary objections alleging improper service of the petition and legal insufficiency of a pleading in the nature of a demurrer. *See* Pa.R.Civ.P. 1028(a)(1), (a)(4).

**<u>Discussion</u>**[9]

Respondents contend that Petitioner's failure to seek administrative review pursuant to the remedy prescribed by the RTKL deprives this Court of jurisdiction over this matter. (Police Department's Br., at 10-11.)[10]

We begin by observing that this Court's original jurisdiction extends to "all civil actions or proceedings . . . [a]gainst the Commonwealth government[.]" 42 Pa. C.S. § 761(a)(1). However, "[t]he doctrine of exhaustion of administrative remedies requires that a person challenging an administrative decision must first exhaust all adequate and available administrative remedies before seeking relief from the courts." *Funk v. Department of Environmental Protection*, 71 A.3d 1097, 1101 (Pa. Cmwlth. 2013). The dual purpose of this requirement is to prevent premature judicial intervention in the administrative process, and to ensure that claims will be addressed by the agency with expertise in the particular area. *Id.* It "also acknowledges that an unjustified failure to follow the [statutory] scheme undercuts the foundation upon which the . . . process was founded." *East Coast Vapor, LLC v. Pennsylvania Department of Revenue*, 189 A.3d 504, 510 (Pa. Cmwlth. 2018) (quoting *Shenango Valley Osteopathic Hospital v. Department of Health*, 451 A.2d 434, 438 (Pa. 1982)). "Where the Legislature provides for mandatory and exclusive statutory remedies, the

---

[9] "In ruling on preliminary objections, we must accept as true all well-pleaded factual allegations and any inferences that reasonably may be drawn from them." *Patterson v. Commonwealth*, 327 A.3d 726, 730 (Pa. Cmwlth. 2024). However, we are not bound to accept as true "legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* Additionally, "[w]hen deciding a question of law under the RTKL, our standard of review is *de novo*, and our scope of review is plenary." *Couloumbis v. Senate of Pennsylvania*, 334 A.3d 48, 52 (Pa. Cmwlth. 2025).

[10] We note that the Police Department mistakenly states that Petitioner had thirty days to seek review, instead of fifteen days. (Police Department's Br., at 11). However, as noted, the applicable RTKL provision provides for a fifteen-day appeal period. *See* 65 P.S. § 67.1101(a)(1).

court **is without power** to act under the doctrine of exhaustion of administrative remedies, unless those remedies have been exhausted." *Heffner Funeral Chapel & Crematory, Inc. v. Department of State, Bureau of Professional & Occupational Affairs*, 824 A.2d 397, 402 (Pa. Cmwlth. 2003), *aff'd*, 849 A.2d 1135 (Pa. 2004) (dismissing respondents' petition for review based on lack of jurisdiction for failure to exhaust administrative remedies) (emphasis added).

With respect to the RTKL, the legislature has provided an administrative remedy for challenges to agency actions relating to records requests, and the statute "provides the exclusive means to seek redress for violations of the RTKL." *Guarrasi v. Scott*, 25 A.3d 394, 405 (Pa. Cmwlth. 2011). Section 901 of the RTKL provides that if an agency "fails to send the response within five business days of receipt of the written request for access, the written request for access shall be deemed denied." 65 P.S. § 67.901. Section 1101(a), in turn, provides that:

> If a written request for access to a record is denied or deemed denied, **the requester may file an appeal with the [OOR] or judicial, legislative or other appeals officer designated under section 503(d) within 15 business days of the mailing date of the agency's response or within 15 business days of a deemed denial**. The appeal shall state the grounds upon which the requester asserts that the record is a public record, legislative record or financial record and shall address any grounds stated by the agency for delaying or denying the request.

65 P.S. § 67.1101(a)(1) (emphasis added). Therefore, "a deemed denial furnishes the requestor the right to file an appeal with the OOR within fifteen business days that the deemed denial becomes effective. *See* 65 P.S. § 67.1101(a)." *Office of Governor v. Donahue*, 98 A.3d 1223, 1226 n.2 (Pa. 2014).

5

In *Wright v. Office of Open Records*, (Pa. Cmwlth., No. 1204 C.D. 2021, filed January 16, 2024) (unreported), the requester submitted a request to the City of Philadelphia under the RTKL seeking records related to a sheriff's sale. The request was deemed denied, which triggered the fifteen-day appeal period, and the requester did not file an appeal with the OOR within that timeframe. *See id.,* slip op. at 3.[11] This Court concluded that "because [the r]equester did not file his appeal with OOR within 15 business days of the deemed denial of his [r]equest, the appeal was untimely, thereby depriving OOR and the trial court of jurisdiction over the matter." *Id.*

Here, similar to *Wright*, when Respondents did not respond to Petitioner's records request, he was obligated to proceed under Section 1101(a)(1) of the RTKL and file an appeal with the OOR within fifteen days before he sought recourse in this Court's original jurisdiction. Because the RTKL provides Petitioner with the exclusive means to challenge Respondents' actions concerning his records requests, we are without power to exercise jurisdiction over his Petition. *See Heffner Funeral Chapel*, 824 A.2d at 402; *see also Guarrasi*, 25 A.3d at 405. We therefore sustain Respondents' preliminary objection challenging Petitioner's failure to exhaust administrative remedies, and dismiss his Petition with prejudice. In light of our disposition, we dismiss Respondents' remaining preliminary objections as moot.

_____
PATRICIA A. McCULLOUGH, Judge

---

[11] We cite this unreported decision issued by this Court for its persuasive value. *See* Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel Madsen,            :
           Petitioner        :
           :
           v.            :    No. 114 M.D. 2024
           :
Northampton County Court of      :
Common Pleas, Palmer Township    :
Police Department, Northampton     :
County Emergency Management      :
Services,            :
           Respondents      :

## *ORDER*

AND NOW, this 19th day of March, 2026, the preliminary objection of Palmer Township Police Department and Northampton County Emergency Management Services (Respondents) for failure to exhaust administrative remedies is SUSTAINED and Daniel Madsen's petition seeking mandamus relief is hereby DISMISSED. Respondents' remaining preliminary objections are DISMISSED AS MOOT.

_____
PATRICIA A. McCULLOUGH, Judge