619 A.2d 799

**Clare W. McCLELLAN, Petitioner,**

v.

**PENNSYLVANIA STATE POLICE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 10, 1992.

Decided Feb. 20, 1992.

Publication Ordered Jan. 27, 1993.

**2**

Clare W. McClellan, petitioner, for himself.

Michael S. Sherman, Asst. Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and BARRY, Senior Judge.

PER CURIAM.

Before us in our original jurisdiction are preliminary objections filed by the Pennsylvania State Police (PSP) to a "Complaint—Action for Declaratory Relief" filed by Clare McClellan.

In his complaint McClellan, who is proceeding pro se, alleges that while driving on the roads of this Commonwealth he was stopped on September 13, 1991 by Officer John Woodruff of the Pennsylvania State Police. He does not indicate in his complaint what the basis for the stop was although in his brief he indicates that it concerned a possible motor vehicle violation. In any event, McClellan alleges that Officer Woodruff asked McClellan to identify himself and that when he refused to do so he was arrested and subsequently incarcerated. McClellan, maintaining that he lives in fear of re-arrest and further incarceration, asks this Court to declare that the police practice of "talk or jail" is unconstitutional.

PSP has filed preliminary objections asserting that this case is actually one in which McClellan seeks to challenge the legality of his incarceration and is, hence, outside the scope of our jurisdiction. Section 761(a)(1)(i) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(i), vests the Commonwealth Court with original jurisdiction of all civil actions or proceedings against the Commonwealth government, including its officers when

acting in their official capacity, *except* "actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court."[1] PSP also preliminarily objects on the bases that the complaint fails to name all interested parties and that the attorney general was not served.

We begin our analysis by recognizing that when ruling upon preliminary objections we must take as true all well pled facts and inferences deducible therefrom. *Department of Transportation v. Pennsylvania Power & Light Co.*, 34 Pa.Commonwealth Ct. 594, 383 A.2d 1314 (1978). While McClellan in his brief appears to be attacking the propriety of his incarceration, a close reading of the prayer for relief in his complaint reveals that he is not asking that *that* incarceration be declared illegal. Were that his request, it would clearly fall within the exception to our jurisdiction in Section 761(a)(1)(i). What McClellan seeks is a declaration that the *ongoing* police practice is unconstitutional.[2] First, with regard to *future* police conduct, we have no controversy ripe for review and hence cannot grant declaratory relief. *Pennsylvania Chiropractic Federation v. Foster*, 136 Pa.Commonwealth Ct. 465, 583 A.2d 844 (1990). Second, even if the absence of an actual controversy with regard to future conduct were not a bar here, we still do not believe we could properly decide this case because we would, in essence, be rendering an advisory opinion in a case where if there were an actual controversy we would not have jurisdiction to decide the matter.

1. A writ of habeas corpus is the traditional method for challenging an illegal detention. *Commonwealth v. Krall*, 452 Pa. 215, 217 n. 1, 304 A.2d 488, 489 n. 1 (1973).

2. McClellan does not state outright either in his Petition for Review or in his pro se brief that he is not presently incarcerated. However, his complaint contains a sentence that reads: "As verified by the Saturday, September 14, 1991, *Observer–Reporter Newspaper,* Washington, PA, McClellan spent time in the Washington County Jail."

There is also another sentence which states that he "lives in fear that he may be re-arrested and incarcerated." From this we conclude that McClellan is not presently in jail.

Accordingly, we shall sustain PSP's preliminary objection pertaining to jurisdiction and dismiss this complaint.[3]

## ORDER

NOW, February 20, 1992, the preliminary objection of the Pennsylvania State Police pertaining to jurisdiction is sustained and the complaint is dismissed.

---

3. Because of our disposition of this matter, we need not consider the remaining preliminary objections.