Damon J. FALDOWSKI and Robert
A. Faldowski, Petitioners,

v.

EIGHTY FOUR MINING COMPANY and
Rochester & Pittsburgh Coal Company
and Commonwealth of Pennsylvania,
Department of Environmental Protec-
tion, Respondents.

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1998.

Decided Dec. 11, 1998.

Publication Ordered Feb. 24, 1999.

Louis M. Tarasi, Jr., Pittsburgh, for peti-
tioners.

Henry Ingram, Pittsburgh, for respondent,
Eighty–Four Min. Co.

Michael J. Heilman, Pittsburgh, for re-
spondent, DEP.

Before PELLEGRINI, J., KELLEY, J.,
and NARICK, Senior Judge.

PELLEGRINI, Judge.

Before this Court are preliminary objec-
tions filed by Eighty Four Mining Company
(Eighty Four Mining), its parent company,
Rochester & Pittsburgh Coal Company, and
the Commonwealth of Pennsylvania, Depart-
ment of Environmental Protection (DEP) in
response to a complaint for declaratory relief
filed by Damon J. Faldowski and Roberta A.
Faldowski (collectively, Property Owners) al-
leging that their property sustained exten-
sive damage as a result of Eighty Four Min-
ing's underground mining activities.

Property Owners own 13.9 acres of property located in South Strabane Township in Washington County, Pennsylvania, on which they custom-built a two-story home that was completed in March 1995. On June 6, 1995, they received a letter from Eighty Four Mining informing them that it intended to perform underground mining operations in South Strabane Township and the resulting mine subsidence could affect their property. Eighty Four Mining commenced mining under Property Owners' home. After the mining had been completed, Property Owners found that their home had sustained a substantial amount of damage [1] which Eighty Four Mining agreed to repair pursuant to The Bituminous Mine Subsidence and Land Conservation Act (Act).[2]

Because the parties could not agree on several issues related to the repairs, Property Owners filed an action for declaratory relief with the Court of Common Pleas of Washington County (trial court) pursuant to Section 13(a) of the Act, 52 P.S. § 1406.13(a), which gives the trial court and this Court the power to enforce violations of the Act. In their declaratory judgment action, Property Owners requested that the trial court interpret several provisions of Section 5.5 of the Act, 52 P.S. § 1406.5e(a)-(f),[3] which set forth the procedures for securing repairs for damage caused by underground mining. Specifically, they asked the trial court to determine:

- whether they or Eighty Four Mining were to decide if the damaged property was to be fully repaired or compensation paid pursuant to Section 5.5 of the Act, 52 P.S. § 1406.5e(a); and

- whether they or Eighty Four Mining controlled the contractor performing the repair work and the extent of the work to be done under Section 5.5 of the Act, 52 P.S. § 1406.5e(a)-(f).

They also wanted the trial court to determine whether their relocation costs and incidental expenses necessitated by the damage to their home,[4] both prior to and after the mining occurred, were considered reasonable costs under Section 5.5 of the Act, 52 P.S. § 1406.5e(c)-(d).

The DEP and Eighty Four Mining filed preliminary objections challenging the trial court's jurisdiction to address those issues because, under the Act, DEP and the Environmental Hearing Board (EHB) had exclusive jurisdiction, in the first instance, to address the questions posed by Property Owners and they had failed to exhaust that administrative remedy. While determining that the administrative remedy under the Act was not exclusive, the trial court went on to conclude that even though it had jurisdiction, jurisdiction was more properly vested with this Court because the matter at issue was of statewide concern and transferred the case to this Court. The DEP and Eighty Four Mining have now renewed their preliminary objections.[5]

In determining whether this Court has jurisdiction to entertain Property Owners' declaratory judgment action, we must first decide whether a declaratory judgment can be granted based upon the relief requested. Pursuant to the Declaratory Judgments Act, 42 Pa.C.S. §§ 7531–7541, declaratory relief may be granted for the purpose of affording relief from uncertainty and insecurity

---

1. Property Owners alleged that due to the mining activities, it was necessary to remove and replace all of their home's brick veneer; the footer and foundation walls; all porches; the garage; shingles; flooring in various areas of the interior of the home; and plastered walls and ceilings in various areas.

2. Act of April 27, 1966, P.L. 31, *as amended*, 52 P.S. §§ 1406.1–1406.21.

3. Added by the Act of June 22, 1994, P.L. 357, No. 54.

4. Property Owners alleged in their complaint that among other costs incurred, they had in-

curred costs for moving out of their home twice while the mining was taking place.

5. When ruling upon preliminary objections, we must take as true all well pled facts and inferences deducible therefrom. *McClellan v. Pennsylvania State Police*, 153 Pa.Cmwlth. 1, 619 A.2d 799 (1993). In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt as to their certainty should be resolved by a refusal to sustain the preliminary objections. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995).

regarding legal rights, status and other relations.[6] *Mueller v. State Police Headquarters,* 110 Pa.Cmwlth. 265, 532 A.2d 900 (1987). However, such a request will be denied when the proceeding is within the exclusive jurisdiction of a tribunal other than a court. 42 Pa.C.S. § 7541(c)(2). Because Property Owners are attempting to resolve issues relative to the repairs which Eighty Four Mining has agreed to undertake, as well as the total amount of damages to which they are entitled, declaratory relief may be sought because those issues affect their legal right to reimbursement/repair as a result of mine subsidence under the Act.

■ As to whether this Court has jurisdiction to grant Property Owners' request for declaratory judgment and interpret Section 5.5 of the Act, Property Owners argue that Section 13(a), 52 P.S. § 1406.13, provides both this Court and the trial court with such authority. Section 13(a) of the Act provides:

> *Commonwealth Court and the courts of common pleas shall have the power to award injunctions to prevent violations of this act* and *to otherwise provide for its enforcement* upon suit brought by ... any property owner affected by such bituminous coal mining, without the necessity of posting a bond on application for a permanent injunction, but a bond may be required on the granting of a temporary restraining order. (Emphasis added.)

While this section allows this Court and the courts of common pleas to order injunctions to prevent violations of the Act, that is not what is being sought here. Property Owners are seeking an interpretation as to the extent and manner of the repairs or compensation to be awarded.

The extent and manner of repairs is governed by Section 5.5 of the Act, 52 P.S. § 1406.5e(a)–(f), which provides that the remedy for securing "repairs" and/or "compensation" for damages to structures caused by underground mining, and that remedy is exclusive. If unable to agree on damages, the property owners can file a claim before the DEP, and if dissatisfied with that deter-

mination, can appeal to the EHB. Regarding repairs and compensation, control of the contractor performing the work and the extent of the work to be performed, as well as whether the costs incurred are reasonable under the Act, Section 5.5 of the Act provides the following:

> (a) The owner of any building enumerated in section 5.4(a) who believes that the removal of coal has caused mine subsidence resulting in damage to such building and who wishes to secure *repair* of or *compensation* for such damage shall notify the mine operator. If the mine operator agrees that mine subsidence damaged such building, *he shall cause such damage to be fully repaired or compensate the owner for such damage in accordance with section 5.4(a) or with an agreement reached between the parties* either prior to mining or after the damage has occurred.
>
> (b) If the parties are unable to agree within six months of the date of notice as to the cause of the damage *or the reasonable cost of repair or compensation, the owner of the building may file a claim in writing with the Department of Environmental Resources...*
>
> (c) *The Department shall make an investigation of a claim within thirty days of receipt of the claim. The department shall, within sixty days following the investigation, make a determination in writing as to whether the damage was caused by subsidence due to underground coal mining and, if so, the reasonable cost of repairing or replacing the damaged structure. If the department finds the damage to be caused by the mining, it shall issue a written order directing the operator to compensate or to cause repairs to be made within six months...*
>
> (d) ... The occupants of a damaged structure shall also be entitled to additional payment for reasonable, actual expenses incurred for temporary relocation and for other actual reasonable, incidental costs agreed to by the parties *or approved by the department.*

---

**6.** Declaratory judgments are not obtainable as a matter of right, and whether a court should exercise jurisdiction over a declaratory judgement is

a matter of discretion. *Gulnac v. South Butler School District,* 526 Pa. 483, 587 A.2d 699 (1991).

(e) *If either the landowner or the mine operator is aggrieved by an order issued by the department ... such person shall have the right to appeal the order to the Environmental Hearing Board within thirty days of receipt of the order ...*

(f) If the mine operator shall fail to *repair or compensate* for subsidence damage within six months or such longer period as the department has established or shall fail to perfect an appeal of the department's order directing such *repair or compensation, the department shall issue such orders and take such actions as are necessary to compel compliance with the requirements hereof.* If the mine operator fails to *repair* or *compensate* for damage after exhausting its right of appeal, *the department shall pay the escrow deposit made with respect to the particular claim involved and accrued interest to the owner of the damaged building.*

52 P.S. § 1406.5(a)–(f). (Emphasis added.)

As can be seen, the Act provides an administrative remedy where, initially, the DEP and then the EHB have exclusive jurisdiction to determine the extent and manner of repairs and/or compensation and how they are to be awarded, including the interpretation sought here: who controls repairs and whether relocation costs are reasonable costs. If not satisfied with the resolution of those matters, Property Owners can, of course, then appeal to this Court. To hold otherwise would mean that in mine subsidence cases or, for that matter, in most administrative cases, a declaratory judgement could be used to short-circuit the administrative process and have the law determined without the benefit of the administrative agency first reviewing the matter.[7]

Because the DEP and EHB have exclusive jurisdiction to address Property Owners' request for interpretations of the Act, they are not entitled to declaratory relief. Accordingly, the preliminary objections filed by Eighty Four Mining are granted and Property Owners' complaint for declaratory relief is dismissed.[8]

## *ORDER*

AND NOW, this 11th day of December, 1998, the preliminary objections filed by Eight Four Mining Company and Rochester & Pittsburgh Coal Company and Commonwealth of Pennsylvania, Department of Environmental Protection, are granted and the complaint for declaratory relief filed by Damon J. Faldowski and Roberta A. Faldowski is dismissed.

---

**7.** If we were to adopt Property Owners' argument, we would be unable to give the administrative agencies directly involved in administering the statute due deference to interpret a statute. *See Popowsky v. Pennsylvania Public Utility*, 550 Pa. 449, 706 A.2d 1197 (1997).

**8.** Property Owners also contend that because the DEP and EHB have no greater expertise than this Court in deciding damages, that this Court is equipped to address its declaratory judgment action. However, because the Act gives those agencies the jurisdiction to review matters relative to Section 5.5 of the Act, this argument is irrelevant.