# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Zhaojin David Ke, : 
                  Petitioner : 
                   : 
            v. :   No.  250 M.D. 2022
                   :   Submitted:  October 10, 2023
Pennsylvania State Employees' : 
Retirement System and Salvatore : 
Darigo (in his official capacity), : 
              Respondents : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER     FILED: November 20, 2023

       Before the Court are the preliminary objections (POs) of the Pennsylvania State Employees' Retirement System (SERS) and Salvatore Darigo, in his official capacity (Darigo)[1] (collectively, Respondents), to the Petition for Review (Petition) filed by Zhaojin David Ke (Ke) in our original jurisdiction challenging the validity of a Domestic Relations Order (DRO) affecting Ke's SERS disability benefit.  The parties having briefed their respective positions, the POs are ripe for our disposition.

## I.    KE'S PETITION

       Ke filed the Petition in our original jurisdiction on April 13, 2022, alleging as follows.[2]  Ke applied to SERS for disability retirement benefits in December 2007,

---

[1] Darigo is identified as in-house counsel for SERS.  (Petition for Review (Petition) ¶¶ 1, 9.)

[2] "In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the [P]etition . . . and any reasonable inferences that we may draw from the **(Footnote continued on next page…)**

which SERS temporarily approved in December 2007 and permanently approved in 2009. (Petition ¶ 11.) Ke's ex-wife filed for divorce in 2013. (*Id.* ¶ 12.) In the spring of 2014, Ke contacted a SERS regional manager who instructed Ke that he should participate in drafting the DRO. (*Id.* ¶ 18.) In March 2017, Ke avers the attorney for his ex-wife drafted a "Stipulation [a]nd Agreement [f]or [t]he Entry [o]f [the DRO]," sending it to Darigo, counsel for SERS, for approval without Ke's knowledge. (*Id.* ¶ 19.) Ke further alleges "Darigo conspired with [his ex-wife's attorney] and approved the draft DRO and proposed court order . . . without noticing [Ke] to participate" although "SERS' DRO Guidelines require[d Ke's] participation and signature." (*Id.* ¶ 20.) The Erie County Court of Common Pleas (common pleas) signed the proposed order attached to the DRO shortly thereafter, which also occurred "without [Ke's] knowledge or participation." (*Id.* ¶¶ 26-27.) The attorney for Ke's ex-wife informed him after the DRO was entered that 50% of Ke's disability benefit would go to his ex-wife, although Ke maintains disability supplemental is not marital property. (*Id.* ¶¶ 28-29.) Since May 2017, Ke's ex-wife has received half of Ke's disability benefit. (*Id.* ¶ 31.)

Ke disputed this distribution with SERS, but SERS has maintained that the distribution is valid pursuant to the DRO entered by common pleas. (*Id.* ¶ 33.) In 2021, a SERS official advised Ke that his appeal had been denied and that his "next step was to appeal to the State Employees' Retirement Board [(SERB)]." (*Id.* ¶ 35.) Ke filed an appeal with SERB and was told it would be heard at SERB's next meeting, but, according to Ke, "nothing happened." (*Id.* ¶ 36.) He wrote to SERB in January 2022, indicating that six months had passed, the failure to hold a hearing

---

averments. . . . The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the [P]etition." *Thomas v. Corbett*, 90 A.3d 789, 794 (Pa. Cmwlth. 2014) (internal citations omitted).

in a timely fashion violated his due process rights, and advising that he would "file a lawsuit 'IN ORIGINAL MATTER' directly in the Commonwealth Court." (*Id.* ¶ 37. (capitalization in original).) After that communication, SERB appointed a hearing officer "instead of letting [Ke's] appeal go straight to the [SERB] meeting as promised." (*Id.* ¶ 38.) "[Ke] was told that the hearing officer had the discretion to dispose [of] the appeal without letting it go to the [SERB] meeting. He was also informed that the hearing decision could be appealed by either party with briefs, responses, and replies[, which] would take several more months. . . ." (*Id.* ¶ 39.) "[C]onvinced that SERS was merely playing games" and frustrated with a continuance requested by SERS' attorney, on March 3, 2022, Ke wrote he did not agree to a hearing being held in August and instead would file an action in the Commonwealth Court by the end of the month, which he did. (*Id.* ¶ 40.)

Count I of the Petition seeks a declaration that Respondents violated his due process rights, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Section 504), and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165, and that Darigo engaged in concerted tortious conduct. It also seeks injunctive relief "enjoin[ing] SERS from further removing 50[%] of [Ke's] disability supplemental every month." (Petition ¶¶ 42-48, Wherefore Clause ¶¶ 1-4.) Count II, by way of Section 1983 of the United States Code, 42 U.S.C. § 1983, alleges that the drafting and approval of the DRO without his knowledge or involvement amounts to deprivation of procedural due process in violation of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 504, and the ADA. (Petition ¶¶ 49-66.) Count III alleges "concerted tortious action" pursuant to Section 876 of the Restatement (Second) of Torts (American Law Institute 1965), specifically Darigo "aiding and abetting" his ex-wife's attorney in preparing the

DRO without Ke's knowledge or participation. (Petition ¶¶ 67-78.) Count IV asserts continuing violations of the ADA and Section 504 based on the ongoing withholding of 50% of his benefits to his ex-wife. (Petition ¶¶ 79-92.) Finally, Count V alleges common law negligence claiming Respondents breached their fiduciary duty and duty of good faith and fair dealing, as well as SERS' DRO Guidelines. (*Id.* ¶¶ 93-112.) In addition to the relief set forth above, Ke seeks money damages, asking this Court to require SERS to reimburse Ke for the allegedly wrongfully disbursed benefits along with interest, as well as to award compensatory damages in the amount of $250,000. (*Id.*, Wherefore Clause ¶¶ 5-6.)

## II.    RESPONDENTS' POs

On June 2, 2022, Respondents filed their POs, raising four arguments. First, Respondents argue that pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(7), Pa.R.Civ.P. 1028(a)(7), because Ke has not exhausted the required statutory remedy, namely, an appeal before SERB, this Court should dismiss his Petition. (POs ¶¶ 46-59.) Specifically, Respondents argue SERB has exclusive or primary jurisdiction, after which this Court will then have appellate jurisdiction to review SERB's decision. Next, they assert that we should dismiss the Petition due to lack of service of original process, as Ke did not properly serve SERS, Darigo, or the Pennsylvania Office of Attorney General as required by the Pennsylvania Rules of Civil Procedure and/or Pennsylvania Rules of Appellate Procedure. (*Id.* ¶¶ 60-74.) Third, they raise a demurrer pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4) arguing that Ke has not pleaded sufficient facts to give rise to a claim upon which relief can be granted. (*Id.* ¶¶ 75-88.) Finally, pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(2), SERS asks this Court to dismiss the Petition

4

because it includes scandalous and impertinent matter, specifically allegations of legal ethics violations on the part of Darigo. (*Id.* ¶¶ 89-103.)

## III. KE'S RESPONSE

Preliminarily, Ke counters that SERS impermissibly challenges his claims on "technicalities" rather than addressing their substance. (Ke's Brief (Br.)[3] at 8.) He argues that "fatal flaw" amounts to "cause enough" for the POs to be overruled. (*Id.*) With respect to exhaustion of administrative remedies,[4] Ke counters that "[a] complaint under the **original jurisdiction** . . . by definition, makes an exhaustion of administrative remedies irrelevant." (*Id.* at 11.) (emphasis in original).[5] He argues that "[b]ecause this suit is being brought against a Commonwealth agency and its officer, 42 Pa.C.S. § 761(a)(1) vests the Court with original jurisdiction over [his] claims." (Petition ¶ 6.) Ke further asserts that Respondents have waived the defective service issue by participating in the litigation and soliciting the Petition from our Prothonotary's Office. (Ke's Br. at 10.) In response to the demurrer, he argues generally that he will develop more facts after discovery, when he writes his summary judgment motion, and contends that his "legal conclusions are based on factual allegations." (*Id.* at 12.) Finally, he asserts that SERS failed to identify scandalous and impertinent matter, and notwithstanding, SERS has improperly

---

[3] Our March 10, 2023 Order noted a second set of POs did not appear on the docket and that we would treat "[Ke's] Response in Opposition to Respondents' Second Set of Preliminary Objections" as Ke's brief in opposition to Respondents' POs.

[4] We have reordered Ke's arguments to coincide with the order of Respondents' POs.

[5] Ke cites to *Donald J. Trump for President, Inc. v. Boockvar* (Pa. Cmwlth., No. 602 M.D. 2020). However, we find no opinion or order related to that docket number that stands for the proposition Ke's cites in connection with it.

asked for dismissal of the entire Petition, rather than just striking of the offending language. (*Id.* at 12-13.)[6]

## IV. DISCUSSION

We first turn to whether Ke has exhausted the available statutory remedy, and whether, if he has not, we should dismiss the Petition.[7] Pennsylvania Rule of Civil Procedure 1028(a)(7) authorizes preliminary objections alleging "failure to exercise or exhaust a statutory remedy[.]" Pa.R.Civ.P. 1028(a)(7). We have explained that relief in the form of a "[d]eclaratory judgment is **not appropriate** where the Legislature has enacted a legislative framework within which the substance of the declaratory judgment claim is to be resolved." *Reliance Ins. Co. in Liquidation v. Aramark Corp.*, 38 A.3d 958, 965 (Pa. Cmwlth. 2011) (en banc) (emphasis added). Indeed, "[i]f administrative remedies are not exhausted, 'in most administrative cases, a declaratory judgment could be used to short-circuit the administrative process and have the law determined without the benefit of the administrative agency first reviewing the matter.'" *Id.* at 966 (quoting *Faldowski v. Eighty Four Mining Co.*, 725 A.2d 843, 846 (Pa. Cmwlth. 1998)) (internal brackets omitted).

Our General Assembly has expressly prescribed the appeal process for those aggrieved by approval of a DRO: "[T]he **exclusive remedy** . . . shall be the right **to an adjudication by [SERB]** . . . with **appeal** therefrom to the Commonwealth Court . . . ." Section 5953.1(b) of the State Employees' Retirement Code, 71 Pa.C.S. § 5953.1(b) (emphasis added). Thus, to the extent Ke seeks injunctive and

---

[6] Ke also asserts SERS did not include a verification with its POs and thus they should be stricken pursuant to Pennsylvania Rule of Civil Procedure 1024(a), Pa.R.Civ.P. 1024(a). However, SERS previously sought to amend its POs to include a signed verification, which we granted by order dated March 10, 2023.

[7] "The terms 'exhaustion of statutory remedies' and 'exhaustion of administrative remedies' are often used interchangeably in our decisional law." *County of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 540 n.8 (Pa. Cmwlth. 2019).

declaratory relief regarding his DRO, we note that the General Assembly clearly intended for DRO appeals to occur first at SERB, then to invoke our appellate jurisdiction if he remains aggrieved. Here, Ke's own averments reveal that he was aware of the statutory remedy and was taking advantage of it before filing the Petition. (*See* Petition ¶¶ 35-37.) Here it would be inappropriate to allow Ke to use a declaratory judgment action to "short-circuit the administrative process . . . without the benefit of [SERB] first reviewing the matter." *Aramark*, 38 A.3d at 966. The General Assembly has spoken clearly as to the specific appropriate remedy and has also spoken to our appropriate role as exercising appellate jurisdiction after SERB has issued an adjudication. Accordingly, we direct Ke to appropriately proceed with his claim before SERB. Should he receive a favorable adjudication from SERB, he would receive, in essence, the declaratory and injunctive relief from SERB that he seeks from us. Should he face an unfavorable adjudication before SERB, he could then appropriately avail himself of our appellate jurisdiction as it appears his SERB appeal is stayed pending the disposition herein. (Respondents' Br. at 3.) Therefore, we sustain Respondents' PO on the basis of failure to exhaust statutory remedies and dismiss the Petition to the extent it seeks declaratory and injunctive relief.

However, Ke seeks money damages in addition to the declaratory and injunctive relief. Thus, we must next turn to whether, in our original jurisdiction, we may entertain Ke's claims for such damages. Respondents have argued broadly that we are "without jurisdiction to hear the underlying [P]etition . . . in this matter." (Respondents' Br. at 1.)[8] Ke argues that our subject matter jurisdiction has attached

---

[8] We note that Respondents have combined failure to exhaust statutory remedies with subject matter jurisdiction. (Respondents' Br. at 9.) However, our Supreme Court has explained that failure to exhaust statutory remedies does not divest a court of jurisdiction; rather, exhaustion of statutory remedies serves as a **prerequisite** to the exercise of that jurisdiction. *See Jackson v. Centennial Sch. Dist.*, 501 A.2d 218, 221 n.5 (Pa. 1985).

7

pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1). (Ke's Br. at 1.) The crux of a subject matter jurisdiction analysis is that a court may not hear a case absent constitutional or statutory authority to do so. "Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth." *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008) (citation omitted). The subject matter jurisdiction inquiry turns on whether we have authority to "determine controversies of the general class to which the case presented for consideration belongs." *Domus, Inc. v. Signature Bldg. Sys. of PA, LLC*, 252 A.3d 628, 636 (Pa. 2021). Because subject matter jurisdiction implicates our very power to enter a binding judgment, the issue is not waivable and, if it is not raised by the parties, we are obliged to raise it ourselves. *Heath v. Workers' Comp. Appeal Bd. (Pa. Bd. of Prob. & Parole)*, 860 A.2d 25, 29 (Pa. 2004).

As Ke correctly points out, the General Assembly has defined our subject matter jurisdiction to include, in general, "all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity . . . ." 42 Pa.C.S. § 761(a)(1). However, relevant here, is the **exception** to that general rule which does not permit us to hear, in our original jurisdiction, "actions or proceedings in the nature of trespass to which the Commonwealth government formerly enjoyed sovereign or other immunity . . . ." 42 Pa.C.S. § 761(a)(1)(v). That exception, we have explained, means that "this Court lacks original jurisdiction over tort actions for money damages that are premised on either common law trespass or a civil action for deprivation of civil rights under 42 U.S.C. § 1983." *Miles v. Beard*, 847 A.2d 161, 164 (Pa. Cmwlth. 2004). As Our Supreme Court explained in *Balshy v. Rank*, 490 A.2d 415, 420-21 (Pa. 1985), "actions against the Commonwealth or its officers . . . for money

8

damages based on tort liability are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas." Because Ke's request for money damages pursuant to tort or statutory theories falls outside the general class of cases we are statutorily authorized to hear, we have no choice but to dismiss those claims.[9] Put simply, we lack subject matter jurisdiction to adjudicate any of Ke's claims to the extent they seek money damages. Accordingly, we must dismiss any count of the Petition to the extent it seeks an award of money damages.[10]

## V.    CONCLUSION

Because Ke must exhaust statutory remedies, specifically by way of an adjudication from SERB, before invoking our **appellate** jurisdiction, we dismiss his Petition to the extent he seeks declaratory and injunctive relief under Pennsylvania Rule of Civil Procedure 1028(a)(7). And, because of our limited subject matter jurisdiction, we must dismiss the remainder of Ke's Petition to the extent it seeks money damages under either common law tort theories or federal civil rights statutes. Having determined that no part of this action may proceed in our **original** jurisdiction, we dismiss the Petition.

_____
**RENÉE COHN JUBELIRER,** President Judge

---

[9] In this instance, based on our conclusion that Ke must first exhaust his statutory remedy, we decline to transfer to a court of common pleas. Just as this matter is essentially not yet ripe for our review, it would also not be ripe for common pleas' review.

[10] Given our disposition, we need not reach the merits of Respondents' other POs.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Zhaojin David Ke,             :
           Petitioner        :
                                 :
           v.                :     No. 250 M.D. 2022
                                 :
Pennsylvania State Employees'     :
Retirement System and Salvatore     :
Darigo (in his official capacity),     :
           Respondents     :

## **O R D E R**

**NOW**, November 20, 2023, Count I of the Pennsylvania State Employees' Retirement System and Salvatore Darigo's Preliminary Objections in the above-captioned matter seeking dismissal of Zhaojin David Ke's petition for review for failure to exhaust statutory remedies is **SUSTAINED,** and Zhaojin David Ke's Petition for Review is **DISMISSED**.

 

                          _____

                          **RENÉE COHN JUBELIRER,** President Judge