IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Nancy Colbert, : 
           : 
         Petitioner : 
           : 
         v. : No. 526 M.D. 2023
           : Submitted: September 9, 2024
Stephen M. DeFrank, Chair, of the : 
Pennsylvania Public Utility : 
Commission, : 
           : 
         Respondent : 


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                FILED: November 13, 2024


Before this Court are the preliminary objections filed by Stephen M. DeFrank, Chairman of the Pennsylvania Public Utility Commission (Respondent) to a "Petition for Declaratory Relief Cause for Injunctive Relief" (Petition) filed by Nancy Colbert (Colbert), *pro se*, in this Court's original jurisdiction.[1] Respondent contends, *inter alia*, that Colbert has failed to exhaust her administrative remedies prior to initiating this action, thereby divesting this Court of jurisdiction. Upon review, we sustain Respondent's preliminary objection challenging Colbert's failure to exhaust her administrative remedies and dismiss her Petition.

---

[1] The Court will treat the Petition as a petition for review addressed to this Court's original jurisdiction. *See* Pa.R.A.P. 1503.

In October 2008, the General Assembly amended the Public Utility Code (Code)[2] by enacting Act 129 of 2008 (Act 129).[3] Act 129 amended the Electricity Generation Customer Choice and Competition Act[4] for the purpose of promoting energy efficiency and conservation across the Commonwealth. *Povacz v. Pennsylvania Public Utility Commission*, 280 A.3d 975, 982 (Pa. 2022). Through Act 129, the General Assembly mandated electric distribution companies (EDCs) with more than 100,000 customers to "furnish smart meter technology." Section 2807(f)(2) of the Code, 66 Pa.C.S. §2807(f)(2). Section 2807(g) of the Code defines "smart meter technology" as follows:

> (g) . . . [T]he term "smart meter technology" means technology, including metering technology and network communications technology capable of bidirectional communication, that records electricity usage on at least an hourly basis, including related electric distribution system upgrades to enable the technology. The technology shall provide customers with direct access to and use of price and consumption information. The technology shall also:
>
> (1) Directly provide customers with information on their hourly consumption.
>
> (2) Enable time-of-use rates and real-time price programs.

---

[2] 66 Pa. C.S. §§101-3316.

[3] Act of October 15, 2008, P.L. 1592, No. 129, 66 Pa. C.S. §§2803, 2806.1, 2807, 2811, 2813-2815.

[4] Act of December 3, 1996, P.L. 802, *as amended*, 66 Pa. C.S. §§2801-2815 (deregulating electricity generation in Pennsylvania and providing customers with the opportunity to select an electricity generation supplier).

(3) Effectively support the automatic control of the customer's electricity consumption by one or more of the following as selected by the customer:

(i) the customer;

(ii) the customer's utility; or

(iii) a third party engaged by customer or the customer's utility.

66 Pa.C.S. §2807(g).

Colbert's Petition alleges that she has been a "non-commercial" customer of Pennsylvania Electric Company (PECO) since 2023. Colbert's Petition, ¶ 9. Colbert appears to assert that, at Respondent's direction, PECO is forcing her "into a commercial person" by trespassing on her property without her consent, in an attempt to install a smart meter. *Id.*, ¶ 10. Colbert maintains that Respondent is acting in disregard of his constitutional oath and in violation of the law. *Id.* Colbert asks this Court to "declare that she cannot be forced into a commercial person and thereby her non-commercial property cannot be converted for commercial use without consent . . . ." *Id.*, Prayer for Relief. Notably, Colbert's Petition indicates that she previously filed a "formal complaint with the [Public Utility Commission (PUC)]" but that the action has been stayed. *Id.*, Concise Statement.

In response, Respondent filed 12 preliminary objections.[5] Among the preliminary objections is a demurrer filed pursuant to Pa.R.Civ.P. 1028(a)(4),

_____

[5] Respondent's first preliminary objection alleged improper service pursuant to Pa.R.Civ.P. 1028(a)(1) because Colbert had not complied with Pa.R.A.P. 1514(c). On August 13, 2024, this Court issued an order directing Colbert to serve her Petition on Respondent in person or by certified mail and to file a proof of service with this Court no later than September 3, 2024, or this action would be dismissed as of course. Colbert complied with the order. *See* Certificates of Service filed on August 13, 2024, and August 16, 2024.

3

alleging that Claimant has failed to exhaust her administrative remedies.[6] We will address that preliminary objection first as it is dispositive of this case.

In ruling on preliminary objections, we accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on the claim, and we must resolve any doubt in favor of the petitioner. *Id.* "We review preliminary objections in the nature of a demurrer under the above guidelines and

---

[6] The other preliminary objections alleged: lack of jurisdiction pursuant to Pa.R.Civ.P. 1028(a)(1) (to the extent the Petition may allege a cause of action sounding in eminent domain); insufficient specificity in pleading pursuant to Pa.R.Civ.P. 1028(a)(3) (alleging that the Petition fails to identify the specific causes of action alleged against Respondent, thereby preventing him from adequately preparing a defense); failure of pleading to conform to law pursuant to Pa.R.Civ.P. 1028(a)(2) (alleging the Petition fails to articulate material facts essential to Colbert's claim against Respondent in "concise and summary form"); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (alleging that Colbert's request for declaratory relief is not ripe for judicial review); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (to the extent that Colbert maintains the installation of a smart meter on her property without consent constitutes a violation of the Code and Regulations, those arguments were rejected in *Povacz*); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (to the extent the Petition alleges an action sounding in trespass, this Court is without jurisdiction to consider the claim); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (to the extent the Petition alleges a cause of action for eminent domain, this Court is without jurisdiction to consider the claim); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (the Petition fails to sufficiently allege a cause of action for breach of fiduciary duty); legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (to the extent the Petition alleges a cause of action for violation of procedural due process under the Pennsylvania and United States Constitutions, Colbert has failed to allege sufficient facts); and legal insufficiency of a pleading (demurrer) pursuant to Pa.R.Civ.P. 1028(a)(4) (to the extent the Petition can be interpreted as alleging a violation of equal protection, Colbert has failed to allege any facts in support of her allegations).

may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

Respondent argues that Colbert failed to exhaust her administrative remedies in that the Code provides her with a method to challenge PECO's authority to install a smart meter on her property without her consent. In this regard, Respondent notes that the PUC has the express authority to regulate public utilities like PECO. *See* Section 501 of the Code, 66 Pa.C.S. §501 ("The [PUC] shall have general administrative power and authority to supervise and regulate all public utilities doing business within this Commonwealth.") Where a customer believes a public utility is conducting an activity contrary to law, Section 701 of the Code, 66 Pa.C.S. §701, expressly provides aggrieved customers with an avenue to file a formal complaint before the PUC in order to challenge the actions of the public utility.

Based on our review of this action, we agree with Respondent that this Court lacks jurisdiction to entertain Colbert's original jurisdiction action. This Court's original jurisdiction extends to "all civil actions or proceedings . . . [a]gainst the Commonwealth government." Section 761 of the Judicial Code, 42 Pa. C.S. §761. However, a party must first exhaust all adequate and available administrative remedies before the right of judicial review arises. *Empire Sanitary Landfill, Inc. v. Department of Environmental Resources*, 684 A.2d 1047, 1053 (Pa. 1996). The courts must refrain from exercising equity jurisdiction when there exists an adequate statutory remedy. *Arsenal Coal Co. v. Department of Environmental Resources*, 477 A.2d 1333, 1338 (Pa. 1984); *Funk v. Commonwealth*, 71 A.3d 1097, 1101 (Pa. Cmwlth. 2012).

The doctrine of exhaustion of administrative remedies is intended to prevent the premature interruption of the administrative process, which would restrict the agency's opportunity to develop an adequate factual record, limit the agency in the exercise of its expertise, and impede the development of a cohesive body of law in that area. *See Empire Sanitary*, 684 A.2d at 1054; *Shenango Valley Osteopathic Hospital v. Department of Health*, 451 A.2d 434, 438 (Pa. 1982); *Bucks County Services, Inc. v. Philadelphia Parking Authority*, 71 A.3d 379, 388 (Pa. Cmwlth. 2013). "The doctrine operates as a restraint on the exercise of a court's equitable powers and a recognition of the legislature's direction to comply with statutorily [] prescribed remedies." *Empire Sanitary*, 684 A.2d at 1053. Ordinarily, the failure to exhaust an administrative remedy "bars this Court from hearing claims for declaratory or injunctive relief with respect to that agency action." *Funk*, 71 A.3d at 1101.

Because the Code provides Colbert with the means to challenge the installation of a smart meter on her property, it would be improper for this Court to exercise its jurisdiction at this time. *See Faldowski v. Eighty Four Mining Co.*, 725 A.2d 843, 846 (Pa. Cmwlth. 1998) (cautioning that when an administrative remedy exists, a declaratory judgment action should not be used to "short-circuit" the administrative process and have the law determined without the benefit of the administrative agency first reviewing the matter).[7] Accordingly, Respondent's

---

[7] We note that on October 14, 2024, Colbert filed with this Court a document titled "Judicial Notice with Exhibit A." Exhibit A is an "Initial Decision" of an administrative law judge. The Initial Decision reflects that on July 8, 2024, Colbert sent a notice to the PUC indicating that she was withdrawing her pending administrative action. By order dated October 8, 2024, the administrative law judge granted Colbert's request to withdraw her administrative action. Undoubtedly, Colbert's voluntary withdrawal of her administrative action before the PUC further underscores her failure to exhaust the administrative remedy available to her in this case.

preliminary objection in the nature of a demurrer is sustained, and Colbert's Petition is dismissed.[8]

_____
MICHAEL H. WOJCIK, Judge

---

[8] In light of our disposition, we dismiss Respondent's remaining preliminary objections as moot.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Nancy Colbert, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 526 M.D. 2023 |
| | : |
| Stephen M. DeFrank, Chair, of the | : |
| Pennsylvania Public Utility | : |
| Commission, | : |
| | : |
| Respondent | : |

## O R D E R

AND NOW, this 13th day of November, 2024, the preliminary objection of Stephen M. DeFrank, Chair of the Pennsylvania Public Utility Commission (Respondent) in the nature of a demurrer for failure to exhaust administrative remedies is SUSTAINED and Nancy Colbert's "Petition for Declaratory Relief Cause for Injunctive Relief" is DISMISSED. Respondent's remaining preliminary objections are DISMISSED AS MOOT.

_____
MICHAEL H. WOJCIK, Judge